

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

*970 Broad Street, 7th floor*          *973-645-2700*
*Newark, New Jersey 07102*

PAL/PL AGR
#2024R00814

May 2, 2025

**RECEIVED**

APR 0 1 2026

AT 8:30_____M
CLERK, U.S. DISTRICT COURT - DNJ

Kevin G. Walsh
Greenberg Traurig, LLP
500 Campus Drive, Suite 400
Florham Park, NJ 07932

     Re:    <u>Plea Agreement with Louis Greco III</u>
             Criminal Number 26-136(GC)

Dear Counsel:

     This letter sets forth the plea agreement between your client, Louis Greco III, and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on May 12, 2025, if it is not accepted in writing by that date. If Greco does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

<u>Charge</u>

     Conditioned on the understandings specified below, this Office will accept a guilty plea from Greco to a one-count Information, which charges Greco with tax evasion for the tax years 2018 through 2022, in violation of 26 U.S.C. § 7201. If Greco enters a guilty plea and is sentenced on this charge and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against Greco for tax offenses arising out of the 2018 through 2022 tax years.

     But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against Greco even if the applicable statute of limitations period for those charges expires after Greco signs this agreement, and Greco agrees not to assert that any such charges are time-barred.

<u>Sentencing</u>

The violation of 26 U.S.C. 7201 to which Greco agrees to plead guilty in Count One of the Information carries a statutory maximum prison sentence of five years and a statutory maximum fine equal to the greatest of (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Greco is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence Greco ultimately will receive.

Further, in addition to imposing any other penalty on Greco, the sentencing judge as part of the sentence:

(1)     will order Greco to pay an assessment of $100, pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2)     may order Greco to pay restitution pursuant to 18 U.S.C. § 3663 *et seq.*;

(3)     may order Greco to pay the costs of prosecution; and

(4)     pursuant to 18 U.S.C. § 3583, may require Greco to serve a term of supervised release of not more than three years, which will begin at the expiration of any term of imprisonment imposed. Should Greco be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Greco may be sentenced to not more than two years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

<u>Restitution</u>

Greco agrees to pay restitution in the amount of $2,510,809.64, which includes the penalties and interest that have accrued as of February 4, 2025, to the

Internal Revenue Service ("IRS") under 18 U.S.C. § 3663(a)(3). The restitution amount shall be paid according to a plan established by the Court. If the Court orders Greco to pay restitution to the IRS for the failure to pay tax, either directly as part of the sentence or as a condition of supervised release, the IRS will use the restitution order as the basis for a civil assessment. *See* 26 U.S.C. § 6201(a)(4). Greco does not have the right to challenge the amount of this assessment. *See* 26 U.S.C. § 6201(a)(4)(C). Neither the existence of a restitution payment schedule nor Greco's timely payment of restitution according to that schedule will preclude the IRS from administrative collection of the restitution-based assessment, including levy and distraint under 26 U.S.C. § 6331.

Greco agrees to pay Title 26 interest on the restitution amount; interest runs from the last date prescribed for payment of the relevant tax through the date of sentencing. The government will provide an updated interest figure at sentencing.

Greco agrees that restitution is due and payable immediately after the judgment is entered and is subject to immediate enforcement, in full, by the United States. If the Court imposes a schedule of payments, Greco agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

Greco is entitled to receive credit for restitution paid pursuant to this plea agreement against those assessed civil tax liabilities due and owing for the same periods for which restitution was ordered. Greco understands and agrees that the plea agreement does not resolve his civil tax liabilities, that the IRS may seek additional taxes, interest and penalties from Greco relating to the conduct covered by this plea agreement and for conduct relating to another time period, and that satisfaction of the restitution debt does not settle, satisfy, or compromise Greco's obligation to pay any remaining civil tax liability. Greco authorizes release of information to the IRS for purposes of making the civil tax and restitution based assessments.

Greco understands that he is not entitled to credit with the IRS for any payment until the payment is received by the IRS.

If full payment cannot be made immediately, Greco agrees to make a complete and accurate financial disclosure to the IRS on forms prescribed by the IRS (including, but not limited to, IRS Form 433-A and Form 433-B, as appropriate), and to disclose to the IRS any and all additional financial information and financial statements provided to the probation office. Greco also agrees to provide the above-described information to the probation office.

If Greco makes a payment of the restitution agreed to above prior to sentencing, the payment will be applied as a credit against the restitution ordered.

- 3 -

Greco agrees to send all payments made pursuant to the court's restitution order to the Clerk of the Court at the following address:

Martin Luther King Building & Courthouse
50 Walnut Street, Room 4015
Newark, NJ 07101

With each payment to the Clerk of the Court made pursuant to the District Court's restitution order, Greco will provide the following information:

A.  Greco's name and Social Security number;
B.  The District Court and the docket number assigned to this case;
C.  Tax years or periods for which restitution has been ordered; and
D.  A statement that the payment is being submitted pursuant to the District Court's restitution order.

<u>Rights of This Office Regarding Sentencing</u>

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on Greco by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Greco's activities and relevant conduct with respect to this case.

<u>Stipulations</u>

This Office and Greco will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

- 4 -

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and Greco waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

Immigration Consequences

Greco understands that, if Greco is not a citizen of the United States, Greco's guilty plea to the charged offense will likely result in Greco being subject to immigration proceedings and removed from the United States by making Greco deportable, excludable, or inadmissible, or ending Greco's naturalization. Greco understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Greco wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause Greco's removal from the United States. Greco understands that Greco is bound by this guilty plea regardless of any immigration consequences. Accordingly, Greco waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. Greco also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

Federal Tax Forms 870 and 2504 Waivers

Prior to the date of sentencing, Greco shall: (1) sign and file with the IRS a Form 870 Waiver of Restrictions on Assessment and Collection of Deficiency in Tax and Acceptance of Overassessment in lieu of filing returns or amended returns, for calendar years 2018 through 2022; (2) sign and file with the IRS a Form 2504 Agreement to Assessment and Collection of Additional Tax and Acceptance of Overassessment in lieu of filing returns or amended returns, for calendar years 2018 through 2022; (3) provide all appropriate documentation to the IRS in support of such Form 870 and 2504 Waivers, upon request; (4) pay to the IRS all taxes and any penalties owed on those returns, or if unable to do so, make satisfactory repayment arrangements with the IRS; and (5) fully cooperate with the IRS and comply with the tax laws of the United States. Further, Greco agrees to allow the contents of his IRS criminal file to be given to civil attorneys and support staff of the IRS to enable them to investigate, if applicable, any and all civil penalties that may be due and owing by Greco. With respect to disclosure of the criminal file to the

IRS, Greco waives any rights under 26 U.S.C. § 7213 and Fed. R. Crim. P. 6(e), and any other right of privacy with respect to Greco's tax returns and return information.

Furthermore, Greco agrees not to file any claims for refund of taxes, penalties, and interest for calendar years 2018 through 2022, or for any other amounts paid in accordance with this agreement. Greco agrees that the provisions set forth in this agreement concerning his tax obligations are appropriate conditions of Probation or Supervised Release.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Greco. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude Greco from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

- 6 -

No Other Promises

This agreement constitutes the entire plea agreement between Greco and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

ALINA HABBA
UNITED STATES ATTORNEY

By:    Peter A. Laserna
Assistant U.S. Attorney

APPROVED:

Lauren E. Repole
Deputy Chief, Criminal Division

- 7 -

I have received this letter from my attorney, Kevin G. Walsh, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, restitution, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____          Date: 05/08/2025
Louis Greco III

I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, restitution, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____          Date: 5/8/2025
Kevin G. Walsh, Esq.
Counsel for Defendant

- 8 -

Plea Agreement With Greco

Schedule A

1.      This Office and Greco recognize that the United States Sentencing Guidelines do not bind the sentencing judge. Each party nevertheless agrees to these stipulations.

2.      The version of the Guidelines effective November 1, 2024, applies in this case.

3.      The applicable guideline is U.S.S.G. § 2T1.1. This guideline carries a Base Offense Level of 22 because the offense involved a tax loss of more than $1,500,000. *See* U.S.S.G. § 2T4.1(I).

4.      As of the date of this letter, Greco has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Greco's acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

5.      As of the date of this letter, Greco has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Greco's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Greco enters a plea pursuant to this agreement, (b) this Office, in its discretion, determines that Greco's acceptance of responsibility has continued through the date of sentencing and Greco therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Greco's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

6.      If Greco establishes at sentencing that he both has no criminal history points and meets the other criteria in U.S.S.G. 4C1.1, he will be entitled to a further two-level reduction in his offense level, resulting in a total Guidelines offense level of 17; otherwise, the total Guidelines offense level applicable to Greco is 19.

7.      The parties agree that a term of imprisonment within the range of 0 to 37 months (the "Stipulated Range") is reasonable taking into account all of the factors set forth in 18 U.S.C. § 3553(a). The parties further agree that each will request that the District Court impose a sentence within the Stipulated Range. The parties recognize, however, that the Stipulated Range will not bind the District Court.

- 9 -

8.    If the District Court imposes a term of imprisonment within the Stipulated Range:

a.    This Office will not appeal any component of that sentence. The term "any component of that sentence" means the term of imprisonment, the term (and conditions) of supervised release, any fine, any restitution, any forfeiture, and the special assessment.

b.    Greco will not challenge his conviction for any reason by any means, other than ineffective assistance of counsel, and he will not challenge or seek to modify any component of his sentence for any reason by any means, other than ineffective assistance of counsel. The term "any means" includes, but is not limited to, a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the sentence under 18 U.S.C. § 3582(c)(1) or (2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), or any other motion, however captioned, that seeks to attack or modify the judgment of conviction or any component of the sentence.

c.    These waiver provisions, however, do not apply to:

i.    Any proceeding to revoke the term of supervised release.

ii.    A motion for a reduction of the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

iii.    An appeal from the denial of a motion for a reduction of the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A) on the grounds that the court erred in finding that there were no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances in denying the motion as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).

9.    Lastly, the parties have stipulated to certain facts above. The parties recognize that none of those stipulations bind the District Court. Furthermore, neither party will challenge at any time, using any means, the District Court's acceptance of a stipulated fact.